#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE WATTS,** | : | |
| | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **No. 13-1314** |
| **DANIEL BURNS, et al.** | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW**, this 23rd day of October, 2020, upon consideration of Petitioner Dwayne Watts's Petition for Writ of Habeas Corpus (ECF No. 1), Respondents Daniel Burns, the Attorney General of the State of Pennsylvania, and the District Attorney of Philadelphia County's (collectively, "Respondents") "Response in Opposition to Petition for Writ of Habeas Corpus" (ECF No. 18), the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (ECF No. 29), and Petitioner's "Objections to the Report and Recommendation" (ECF No. 32), I find as follows:

**FACTUAL BACKGROUND**[1]

1.  In 2006, Petitioner was convicted by a Philadelphia County jury of first-degree murder and related offenses. This conviction arose from a December 13, 2004 incident in which Petitioner shot and killed Jamal McCoy at The Enforcer Music and Art Gallery in Philadelphia, Pennsylvania after McCoy had argued with two of Petitioner's associates.

---

[1] In lieu of engaging in a lengthy discussion of the factual background of Petitioner's state conviction and resulting sentence, I incorporate by reference the factual and procedural history as set forth in the Report and Recommendation.

2. On October 20, 2006, Petitioner was sentenced to life imprisonment for first-degree murder, two-and-a-half to five years of consecutive imprisonment for carrying firearms on a public street in Philadelphia, one to two years of concurrent imprisonment for possessing an instrument of crime, and one to two years of concurrent imprisonment for recklessly endangering another person.

3. On November 14, 2006, Petitioner appealed to the Pennsylvania Superior Court, raising the following issues: (1) whether prosecutorial misconduct in summation requires reversal because the prosecutor defined Petitioner as a person of dangerous character who could or would cause harm to the witnesses or their families; (2) whether the prosecution placed its own credibility behind the alleged fears of the witnesses improperly bolstering their testimony and improperly creating a trial that revolved around Petitioner's character as a fearsome, vindictive person who would harm witnesses and children; and (3) whether reversible error occurred when the trial court allowed the prosecutor, over the defense's objection, to use an overhead projector to blow up the police statement given by an alleged eyewitness, Noel Powell.

4. On July 14, 2008, the Superior Court rejected these challenges and affirmed Petitioner's conviction and sentence. On December 29, 2008, the Pennsylvania Supreme Court denied Petitioner's petition for an allowance of appeal.

5. On August 18, 2009, Petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq., setting forth the following claims: (1) under the Sixth and Fourteenth Amendments of the United States Constitution as well as Article I, § 9 of the Pennsylvania Constitution, the PCRA court erred in determining that Petitioner's trial counsel provided effective assistance of counsel where trial counsel repeatedly failed to request limiting or cautionary instructions to govern extensive evidence of witness fear

and intimidation; (2) under the Sixth Amendment and Fourteenth Amendments and Article 1, § 9, the PCRA court erred in determining that Petitioner's trial counsel provided effective assistance of counsel where he failed to object to inadmissible hearsay contained in a prosecution witness' statement; and (3) under the Sixth Amendment and Fourteenth Amendments and Article 1, § 9, the PCRA court abused its discretion in failing to grant an evidentiary hearing to evaluate newly discovered evidence. The PCRA court denied the petition on April 1, 2011.

6. On April 25, 2011, Petitioner appealed this denial to the Pennsylvania Superior Court. The Superior Court affirmed the denial on April 27, 2012. On January 20, 2013, the Pennsylvania Supreme Court denied Petitioner's petition for an allowance of appeal.

7. On January 20, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus, initiating this matter. He seeks habeas relief based on the following: (1) Petitioner was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, where his trial counsel failed to interview, investigate, and present the testimony of alibi witness, Jacqueline Garner, an individual at whose residence petitioner was present at the time the shooting at issue occurred; (2) Petitioner was denied due process and a fair trial, as guaranteed by the Sixth and Fourteenth Amendment, where the prosecution placed its own credibility behind the alleged fears of prosecution witnesses Wellington Marshall and Noel Powell; (3) Petitioner was denied due process and a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, where, during summation, the prosecution engaged in misconduct by defining Petitioner as a person of dangerous character, who could or would cause harm to prosecution witnesses or their families; (4) Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, where trial counsel failed to request limited or cautionary instructions to govern evidence of fear and intimidation; (5) Petitioner was denied the effective assistance of counsel, as

and intimidation; (2) under the Sixth Amendment and Fourteenth Amendments and Article 1, § 9, the PCRA court erred in determining that Petitioner's trial counsel provided effective assistance of counsel where he failed to object to inadmissible hearsay contained in a prosecution witness' statement; and (3) under the Sixth Amendment and Fourteenth Amendments and Article 1, § 9, the PCRA court abused its discretion in failing to grant an evidentiary hearing to evaluate newly discovered evidence. The PCRA court denied the petition on April 1, 2011.

6. On April 25, 2011, Petitioner appealed this denial to the Pennsylvania Superior Court. The Superior Court affirmed the denial on April 27, 2012. On January 20, 2013, the Pennsylvania Supreme Court denied Petitioner's petition for an allowance of appeal.

7. On January 20, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus, initiating this matter. He seeks habeas relief based on the following: (1) Petitioner was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, where his trial counsel failed to interview, investigate, and present the testimony of alibi witness, Jacqueline Garner, an individual at whose residence petitioner was present at the time the shooting at issue occurred; (2) Petitioner was denied due process and a fair trial, as guaranteed by the Sixth and Fourteenth Amendment, where the prosecution placed its own credibility behind the alleged fears of prosecution witnesses Wellington Marshall and Noel Powell; (3) Petitioner was denied due process and a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, where, during summation, the prosecution engaged in misconduct by defining Petitioner as a person of dangerous character, who could or would cause harm to prosecution witnesses or their families; (4) Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, where trial counsel failed to request limited or cautionary instructions to govern evidence of fear and intimidation; (5) Petitioner was denied the effective assistance of counsel, as

guaranteed by the Sixth and Fourteenth Amendments, where trial counsel failed to object to the admission of hearsay statements contained in the police statement of prosecution witness, Noel Powell; (6) Petitioner was denied due process of law, as guaranteed by the Fourteenth Amendment, where the PCRA court denied his request for an evidentiary hearing and/or a new trial based on after-discovered exculpatory evidence unavailable at the time of trial which would have affected the outcome; and (7) Petitioner was denied due process and a fair trial, as guaranteed by the Sixth and Fourteenth Amendment, where the prosecution engaged in misconduct by concealing, suppressing, or otherwise withholding exculpatory evidence, namely, the pretrial admissions of Trevino Porter.

8. On March 12, 2013, I referred the habeas petition to United States Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R&R").

9. On March 31, 2013, Petitioner filed a second PCRA petition in state court. In response, I stayed this federal habeas proceeding, pending the conclusion of Petitioner's state PCRA proceedings. On September 6, 2017, Petitioner's second PCRA petition was denied by the PCRA court. Petitioner appealed this outcome, and the denial was affirmed by the Pennsylvania Superior Court on February 11, 2019. On August 14, 2019, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.

10. On September 17, 2019, I lifted the stay on this proceeding.

11. On March 12, 2020, Judge Caracappa issued an R&R recommending that (1) Petitioner's claim regarding alibi witness, Jacqueline Garner, is procedurally defaulted and meritless; (2) Petitioner's claim that the prosecution unlawfully bolstered the testimony of Noel Powell and Wellington Marshall is meritless; (3) Petitioner's claim that the prosecution engaged in misconduct by defining him as a dangerous character is meritless; (4) Petitioner's claim that

trial counsel was ineffective for failing to request a witness intimidation jury instruction is meritless; (5) Petitioner's claim that trial counsel was ineffective for failing to object to Noel Powell's hearsay statements is meritless; (6) Petitioner's claim regarding the PCRA court's denial of an evidentiary hearing and new trial based on new, exculpatory evidence is non-cognizable under federal law; and (7) Petitioner's claim that the prosecution engaged in misconduct by withholding the pretrial admissions of Trevino Porter is procedurally defaulted.

12. On September 8, 2020, Petitioner filed objections to Judge Caracappa's R&R.[2] I address each of these objections in turn below.

**STANDARD OF REVIEW**

13. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a report and recommendation have been filed, the district court must review, *de novo*, those portions of the report to which specific objections have been made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

14. Although courts must give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017), appeal dismissed No 17-2569, 2017 WL 6988717 (3d Cir. 2017); see also Tucker v. Commonwealth, No. 18-201, 2020 WL 1289181, at *1 (E.D. Pa. Mar. 18, 2020).

---

[2] After Judge Caracappa issued the R&R, Petitioner moved for an extension of time to file his objections to the R&R due to the COVID-19 pandemic, which I granted.

"Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Luckett v. Folino, No. 09-0378, 2010 WL 3812329, at *1 (M.D. Pa. Aug. 18, 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge . . . .").

## DISCUSSION

### *Objection to Recommendation on First Habeas Claim*

15.     Petitioner objects to Judge Caracappa's recommendation on his first claim, identified in Paragraphs 6 and 10 supra, arguing that "[t]he sole reason this claim was never raised was the direct result of PCRA Counsel['s] failure to raise this claim in the first instance." (Pet.'s Objs. ¶ 11.) This objection seeks to re-litigate issues already considered by Judge Caracappa and is not entitled to my *de novo* review.

16.     Even if this objection were subject to my review, I find no clear error in Judge Caracappa's recommendation on this claim. Petitioner admits that his first habeas claim is procedurally defaulted but argues that default is excused pursuant to Martinez v. Ryan, 566 U.S. 2 (2012).[3] Judge Caracappa correctly concluded that Petitioner's Martinez claim fails because

---

[3]     In Martinez v Ryan, the United States Supreme Court noted that when a state requires a petitioner to raise an ineffective assistance claim on post-conviction review, rather than on direct appeal, a post-conviction relief hearing is the first opportunity the petitioner has to have his or her ineffective assistance claim heard. 566 U.S. at 9–13. The Court, therefore, concluded that a habeas petitioner may establish cause and prejudice to allow a court to hear a procedurally defaulted ineffective assistance claim by showing that his or her post-conviction relief counsel was ineffective in failing to properly raise that claim in the post-conviction relief proceeding. Id. at 13–14. To pursue such a claim, a petitioner must show that (1) post-conviction relief counsel's "failure itself constituted ineffective assistance of counsel under Strickland" his or her underlying ineffective assistance of trial counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 14.

Petitioner has failed to prove that his underlying ineffective assistance of trial counsel claim has some merit.[4] Petitioner argued that his trial counsel was ineffective for failing to call Jacqueline Garner, the mother of Petitioner's child, as an alibi witness. Specifically, Petitioner contends that his counsel failed to "interview, investigate, or present testimony of Ms. Garner." (Habeas Pet. at 22–23.) However, Petitioner's trial counsel called Ms. Garner as a witness during the penalty phase of Petitioner's trial. (N.T. 8/23/06 at 24–33.) Thus, Petitioner's counsel clearly knew of Ms. Garner's relationship to Petitioner and had spoken to her about testifying at trial. As Judge Caracappa recommended, there are "a plethora of logical reasons why petitioner's trial counsel chose not to put Garner on the stand as an alibi witness. The most likely reason is to prevent perjury, as there was a great deal of evidence to show that petitioner was indeed at the scene of the crime." (R&R at 12–13.) Moreover, as noted by Judge Caracappa, Petitioner failed to present any evidence corroborating his claim that Ms. Garner would have, in fact, testified as his alibi or in a manner that would have been helpful to his case.

17.     Therefore, Petitioner's objection to the recommendation on his first habeas claim is overruled.

### *Objection to Recommendation on Second Habeas Claim*

18.     Petitioner objects to Judge Caracappa's recommendation on his second habeas claim, identified in Paragraphs 6 and 10 supra, arguing that, although Judge Caracappa determined that this claim lacked merit "because any discrepancy was clear[ed] up by the testimony of the

---

[4] To successfully establish an ineffective assistance of counsel claim, a petitioner must first demonstrate that their counsel's actions fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 689 (1984). In reviewing counsel's actions, a court must be highly deferential in order to "eliminate the distorting effects of hindsight." Id. If the petitioner fails to successfully demonstrate this step, it is unnecessary to continue the analysis and the petitioner's claim should be denied. Id. at 697.

witnesses, . . . the witnesses later change[d] their stories which alter[ed] any credibility given to these witnesses['] earlier testimony."  (Pet. Objs. ¶ 12.)

19.     Petitioner's objection misstates Judge Caracappa's recommendation.  Petitioner argued in his petition that the prosecution unlawfully bolstered the testimony of witnesses Noel Powell and Wellington Marshall when the prosecution elicited testimony from a police detective, implying that the two witnesses were afraid of Petitioner.  Powell and Marshall initially gave statements to police identifying Petitioner as the shooter but later changed their testimony at trial.  Through the testimony of the police detective who took those statements, the prosecution introduced evidence that Powell and Marshall were afraid for their own safety and that of their families.  In closing argument, the prosecution made the connection based on this testimony between Powell and Marshall's fear and Petitioner, arguing that these witnesses were afraid of Petitioner and that was why their stories changed.

20.     Judge Caracappa correctly concluded, as did the Pennsylvania Superior Court, that the prosecution never vouched for or assured the jury that the detective's testimony was credible or otherwise provided information not of record at trial.[5]  Unlike Petitioner's characterization,

---

[5]     According to the United States Court of Appeals for the Third Circuit:

> Vouching constitutes an assurance by the prosecuting attorney of the credibility of a Government witness through personal knowledge or by other information outside of the testimony before the jury.  Such conduct threatens to convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant, thereby jeopardiz[ing] the defendant's right to be tried solely on the basis of the evidence presented to the jury, and induc[ing] the jury to trust the Government's judgment rather than its own view of the evidence.  For a prosecutor's conduct to constitute vouching, (1) the prosecutor must assure the jury that the testimony of a Government witness is credible, and (2) this assurance [must be] based on either the prosecutor's personal knowledge, or other information not contained in the record.

Judge Caracappa did not conclude that Powell and Marshall's testimony "cleared up" any "discrepancy" regarding the prosecution's allegedly unlawful bolstering of their testimony. (Pet. Objs. ¶ 12.) Rather, Judge Caracappa reasoned that the prosecutor never gave his personal opinion on whether Powell and Marshall were credible or whether Powell and Marshall's fears were valid. The prosecution merely presented testimony of the detective's objective observations of the witnesses' perceived fears, such as Powell's crying, shaking, sobbing, and pleading for the safety of his children or the fact that Marshall was moved out of Philadelphia County prison for his protection.[6] In fact, as Judge Caracappa noted, none of the testimony at issue linked Powell or Marshall's fear of testifying to Petitioner.

21. For these reasons, I find no clear error in Judge Caracappa's recommendation on this claim. Petitioner's objection is overruled.

### *Objection to Recommendation on Third Habeas Claim*

22. Petitioner objects to Judge Caracappa's recommendation on his third habeas claim, identified in Paragraphs 6 and 10 supra. Petitioner asserts that the prosecution's labelling of Petitioner as a person of dangerous character who would or could cause harm to prosecution witnesses or their families is "highly prejudicial and outside the scope of prosecutor obligation." (Pet. Objs. ¶ 13.) These arguments or issues were not specifically raised in Petitioner's habeas petition, which asserts that Petitioner was denied due process because the prosecutor engaged in

---

United States v. Berrios, 676 F.3d 118, 133 (3d Cir. 2012) (internal quotation marks omitted) (citations omitted).

[6] As the trial court noted, although the prosecutor requested that Marshall be relocated, he did not offer his "personal belief or opinion that Marshall was in such danger from [Petitioner] that he found it necessary for Marshall to be moved to another prison." (Trial Court Opinion, 6/29/2007, at 11.) It was also stipulated during trial that, prior to his relocation, Marshall was working as an informant for the Government. (N.T. 8/21/06 at 78; N.T. 8/18/06 at 105–6.) Thus, the jury could have determined that Marshall was relocated for unrelated safety reasons.

misconduct when he argued in his summation that Petitioner was dangerous. (Habeas Pet. at 24–25.) Local Civil Rule 72.1(IV)(c) provides: "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report & Recommendation if they could have been presented to the magistrate judge." Petitioner's argument could have been presented to Judge Caracappa and Petitioner provides no reason to the contrary. Accordingly, the interests of justice do not require consideration of this new issue. See Mancebo v. DelBalso, No. 18-2753, 2020 WL 5943863, at *1 n.1 (E.D. Pa. Oct. 6, 2020) (citing Grant v. Tice, No. 17-3471, 2019 WL 2016260, at *3 (E.D. Pa. May 3, 2019)).

23.     In view of the foregoing, Petitioner's objection is not entitled to *de novo* review. Instead, I review Judge Caracappa's recommendation on this claim for clear error. See Crist v. Kane, No. 14-01412, 2016 WL 5373645, at *1 (M.D. Pa. Sept. 26, 2016) ("[T]he Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically de novo. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error."). Having done so and finding no clear error,[7] Petitioner's objection is overruled.

---

[7]     I agree with Judge Caracappa's conclusion that the state court's analysis on this habeas claim was neither contrary to or an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)–(2):

> The prosecutor was permitted to make argument based upon the facts in evidence and the reasonable inferences therefrom. The evidence plainly supports the Commonwealth's assertion that the witnesses changed their statements due to fear for their safety. There is no prosecutorial misconduct in the statements made by the prosecutor, much less enough misconduct that would "so infect the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643. . . . Petitioner's argument is additionally meritless because the prosecutor's statements at issue were in direct response to assertions by petitioner's

*Objection to Recommendation on Fourth Habeas Claim*

24. Petitioner objects to Judge Caracappa's recommendation on his fourth habeas claim, identified in Paragraphs 6 and 10 supra, arguing that the Pennsylvania Superior Court's decision was an unreasonable application of federal law. This objection seeks to re-litigate issues already considered by Judge Caracappa and is not entitled to my *de novo* review.

25. Even if it were subject to my review, I find no clear error in Judge Caracappa's recommendation on this claim. Petitioner argued in his petition that, because the prosecution argued that any inconsistent statements made by eyewitnesses were due to fear for their safety, his trial counsel should have requested a jury instruction to clarify that mentions of fear were only to be considered for the purpose of explaining the witnesses' prior inconsistent statements and not for proof of Petitioner's guilt or character. The Pennsylvania Superior Court determined that, regardless of whether trial counsel erred in not requesting such an instruction, Petitioner could not successfully establish that this potential error prejudiced his case[8] because of the other evidence against him:

> counsel that the various statements of Marshall and Powell were inconsistent and thus unreliable. . . . The Commonwealth fairly responded in turn, as defense anticipated, commenting that Powell and Marshall's stories only changed because they were afraid to tell the truth.

(R&R at 20–21.)

---

[8] To prove an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the Strickland v. Washington test. Therefore, a petitioner must show that "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing Strickland, 466 U.S. at 687). To establish prejudice the defendant must show counsel's errors were so serious as to deprive the defendant of a fair trial. Id. (citing Strickland, 466 U.S. at 687). If a petitioner fails to satisfy either prong of the Strickland test, it is unnecessary to evaluate the other prong, as a petitioner must prove both prongs to establish an ineffectiveness claim. Strickland, 466 U.S. at 697. Moreover, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

> The Commonwealth's evidence showed that the victim was shot at least fourteen times and that .40 caliber and .45 caliber casings were discovered at the scene. Prior to the shooting, the victim threatened to kill [Petitioner] and several associates. [Petitioner] also bragged about killing the victim and displayed .40 caliber and .45 caliber handguns[,] telling his friends, "this gun I kill people with; this gun I take off people I kill." An eyewitness to the shooting, Powell, initially provided police with a statement that [Petitioner] was the perpetrator, although he later changed his story. In sum, the evidence included eyewitness testimony and the introduction of an admission to the crime by [Petitioner] to Marshall. We conclude that this evidence demonstrates that [Petitioner] cannot establish actual prejudice based on counsel's failure to request a limiting instruction relative to Powell's and Marshall's fear.

(Ex. 5 to Response to Habeas Pet., ECF No. 18-5, at 16–17.)

26.    Judge Caracappa correctly concluded that this decision was neither contrary to nor an unreasonable application of Strickland to the facts of Petitioner's case. See Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005); see also id. (explaining that "the unreasonable application test is an objective one—a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly").

27.    Thus, Petitioner's objection to the recommendation on his fourth habeas claim is overruled.

### *Objection to Recommendation on Seventh Habeas Claim*

28.    Petitioner objects to Judge Caracappa's recommendation on his seventh habeas claim, identified in Paragraphs 6 and 10 supra, which was the subject of his second PCRA petition, filed after Petitioner had initiated these proceedings. Petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "actual innocence provisions are not dispositive of the scope of new evidence under the actual innocence miscarriage of justice exception recognized by the Supreme Court in Schlup, House, and McQiggins." (Pet. Objs. ¶ 19.)

29.     Yet, these AEDPA "provisions," on which Petitioner bases his argument, are not applicable to his seventh habeas claim.  First, Petitioner cites to 28 U.S.C. § 2254(b)(2), which provides:  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  This provision permits a court to ***deny***, not grant, a habeas petition on the merits even if the petitioner has failed to exhaust state court remedies.  Section 2254(b)(1)(A) explicitly prohibits a court from granting a habeas petition if the applicant has failed to exhaust those remedies.  See 28 U.S.C. § 2254(b)(1)(A).

30.     Petitioner next cites to § 2254(e)(2), which provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the claim relies on . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . ."  28 U.S.C. § 2254(e)(2)(A)(i).  However, Petitioner has not "failed to develop the factual basis of a claim" in state court; he explicitly attempted to raise this habeas claim in his second PCRA petition.  As Judge Caracappa correctly stated, "'when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule,' it is considered procedurally defaulted."  (R&R at 30 (quoting Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012)).)

31.     Thus, Judge Caracappa's analysis properly focused on whether an "independent and adequate state procedural rule" prevented the state court from addressing Petitioner's seventh habeas claim on its merits.

32.     Petitioner claimed in his petition that the prosecution hid the evidence of a second police statement by Trevino Porter.  In Porter's first statement to police, he denied being present

13

at the crime scene. However, in 2013, Porter signed an affidavit asserting that he later gave the police a second statement, informing them that he was present at the scene and knew Petitioner was not the shooter. The Pennsylvania Superior Court declined to address this claim based on the untimeliness of Petitioner's second PCRA petition, which was filed over three years too late pursuant to 42 Pa. Cons. Stat. § 9545(b)(1).

33. In his second PCRA petition, Petitioner attempted to invoke the "newly-discovered fact" exception to the PCRA statute of limitations to circumvent its admitted untimeliness. However, as the Pennsylvania Superior Court held, this exception plainly did not apply because Petitioner was required to file his PCRA petition within sixty days of when he could have known the newly discovered fact. Section 9545(b) requires that "[a]ny petition [for post-conviction relief] . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition proves that: . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons. Stat. § 9545(b)(1)(ii). Under the current amendments to the statute, "any petition invoking [this] exception . . . shall be filed within one year of the date the claim could have been presented." 42 Pa. Cons. Stat. § 9545(b)(2).

34. However, as the statute explicitly states, the amendment to § 9545(b)(2) applies only to claims arising on or after December 24, 2017. See 42 Pa. Cons. Stat. § 9545 ("Act 146 amended subsecs. (b)(2) and (d)(1). Section 3 of Act 146 provided that the amendment of subsec. (b)(2) shall apply only to claims arising one year before the effective date of Section 3 or thereafter."). Petitioner's newly discovered evidence claim was filed in March 2013; therefore, the applicable statute of limitations is "sixty days of the date the claim could first have been presented." Commonwealth v. Hernandez, 79 A.3d 649, 651–52 (Pa. 2013). "In order to be

14

entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame . . . ." Id. at 652 (internal quotation marks omitted).

35.     At the evidentiary hearing for Petitioner's second PCRA petition, Porter testified that he told Petitioner about his alleged second statement to police "months or years" before the PCRA petition was submitted. Commonwealth v. Watts, No. 3213 EDA 2017, 2019 WL 517701, at *1 (Pa. Super. Ct. Feb. 11, 2019.) Thus, I agree with Judge Caracappa's recommendation that Petitioner's seventh habeas claim is procedurally defaulted.[9] Petitioner's objection is overruled.

### *Objections to Recommendation on Fifth and Sixth Habeas Claims*

36.     Finally, Petitioner does not appear to object to the recommendation on his fifth and sixth habeas claims, identified in Paragraphs 6 and 10 supra. Although included under the subheading, "Objections to the R&R," Petitioner's "objections" to these claims merely restate the arguments in his habeas petition and Judge Caracappa's recommendations in the R&R:

> On claim five of petitioner's Habeas Corpus Petition, Petitioner raises claim relation to Counsel's failure to object to hearsay statements by witness Noel Powell. The magistrate Judge determine petitioner did not raise this issue as a confrontation clause and the Pennsylvania Superior court rejected the double hearsay under Pennsylvania rule of evidence 801, forecloses the possibility that counsel was ineffective for failing to object.
>
> On claim Six of Petitioner's Habeas Corpus raises claims relating to PCRA court denial of due process, evidentiary hearing and new trial despite alleged new trial despite alleged new evidence consisting of a statement by Anthony Bogle. The magistrate Judge determine that this claim is not cognizable in a section 2254 petition, as challenges concerning alleged errors in collateral proceedings (here PCRA proceedings) are clearly outside the scope of federal review.

---

[9]     "Because a federal habeas court may not 'reexamine state-court determinations on state-law questions[,]' this court is bound by the state court's determination that petitioner waived his claim, and therefore finds it is procedurally defaulted." (R&R at 30 (quoting Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)).)

(Pet.'s Objs. ¶¶ 15–16.) These "objections" seek to re-litigate issues already considered by Judge Caracappa and are not entitled to my *de novo* review. Even if they were subject to my review, I find no clear error in Judge Caracappa's recommendation on these claims.

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that:

1. Petitioner's Objections (ECF No. 32) are **OVERRULED**.

2. The Report and Recommendation (ECF No. 29) is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** with prejudice and **DISMISSED** without a hearing.

4. There is no basis for the issuance of a certificate of appealability.

5. The Clerk of Court is directed to mark this case **CLOSED**.

 

**BY THE COURT:**


*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**